**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANIVAL ANALCO SALADO, | No. 16-70096 |
| Petitioner, | Agency No. A088-461-626 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Anival Analco Salado, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his third motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review de novo questions of law. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2011).  We deny in part and dismiss in part the petition for review.

Our jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte is limited to contentions of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)  ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").  The record does not support Analco Salado's contentions that the BIA failed to provide a reasoned explanation for its decision, properly consider all factors, or review the record.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

To the extent Analco Salado contends the BIA's denial of his third motion to reopen violated his children's constitutional rights, this contention is foreclosed by *Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978) (rejecting the contention that a parent's "deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child").

We lack jurisdiction to consider Analco Salado's requests for prosecutorial discretion and administrative closure.  *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order); *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1120

16-70096

(9th Cir. 2009).

We lack jurisdiction to review Analco Salado's challenges to the BIA's April 15, 2011, order dismissing his appeal from an immigration judge's denial of cancellation of removal because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

We do not consider the new evidence submitted with Analco Salado's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**